# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| J.C. CORPORATE MANAGEMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05CV00716 ERW |
| ) | |
| RESOURCE BANK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff J.C. Corporate Management, Inc.'s Motion to Remand and for Attorneys' Fees [doc. #9].

## I.   BACKGROUND FACTS

On March 17, 2005, Plaintiff J.C. Corporate Management, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, filed a Class Action Petition against Defendant Resource Bank ("Defendant") in the Circuit Court of the County of St. Louis, Twenty-Second Judicial Circuit. In the Petition, Plaintiff contends that "Defendant or its agent(s) sent, caused to be sent, or allowed to be sent ... unsolicited advertisements by fax" to Plaintiff, other persons, and entities in Missouri. (Pet. ¶¶ 5, 7.)

Plaintiff brings two counts. In Count I, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") by knowingly and intentionally sending, causing to be sent, or allowing to be sent unsolicited advertisements by facsimile. Plaintiff requests monetary damages pursuant to the TCPA. In Count II, Plaintiff requests that "Defendant or its agent(s) . . . be permanently enjoined from sending any material advertising the commercial availability or quality of

1

any property, goods, or services which is transmitted to any person or entity's facsimile machine without that person or entity's prior express invitation or permission." (Pet. ¶ 28.) Finally, under the heading "Prayer for Relief," Plaintiff requests that the Court: (1) certify the case as a class action; (2) appoint Plaintiff and its counsel to represent the class; (3) enjoin Defendant from the acts and practices described in the Petition; (4) enter judgment against Defendant in an amount equal to the full amount of statutory damages allowed under the TCPA; (5) enter an award of prejudgment interest; and (6) require Defendant to pay the attorneys' fees and costs of Plaintiff and the class.

On May 4, 2005, Defendant filed a Notice of Removal. In the Notice of Removal, Defendant states that the Court has both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. On May 25, 2005, Plaintiff timely filed the instant Motion to Remand and for Attorneys' Fees. In the Motion to Remand, Plaintiff argues that this Court lacks both federal question and diversity jurisdiction. Additionally, Plaintiff alleges that it is entitled to attorneys' fees for the cost of bringing the instant Motion because Defendant clearly had no legal or factual basis upon which to remove this action.

## II. STANDARD FOR FEDERAL JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). A claim may be removed to federal court only if it could have been brought in

federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

One basis for removal is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Jurisdiction under § 1331 requires that the claim arise under the Constitution, laws, or treaties of the United States. The second basis for removal is diversity of citizenship pursuant to 28 U.S.C. § 1332. Jurisdiction under § 1332 requires (1) complete diversity of citizenship and (2) a minimum amount in controversy in excess of $75,000. 28 U.S.C. § 1332. When "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)). *See also James Neff Kramper Family Farm*

3

*P'ship v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir. 2005).

**III. DISCUSSION**

In support of its Motion to Remand, Plaintiff makes two arguments: (1) the Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the TCPA grants exclusive jurisdiction to state courts; and (2) the Court does not have diversity jurisdiction because this action fails to meet the amount in controversy requirement of 28 U.S.C. § 1332. Additionally, Plaintiff requests attorneys' fees because, according to Plaintiff, Defendant had no legal or factual basis upon which to remove this action. Defendant responds by arguing that: (1) the Court has federal question jurisdiction because Plaintiff's claims arise under federal law; and (2) the Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Finally, Defendant argues that an award of attorneys' fees is not warranted under the circumstances of this case due to the existence of legitimate and unsettled questions of law.

  A. <u>Federal Question Jurisdiction</u>

Defendant argues that this Court has federal question jurisdiction over Plaintiff's TCPA claims. According to Defendant, Plaintiff's TCPA claims "arise under" a federal statute and are therefore within the jurisdiction of this Court. At least one federal district court has found this argument persuasive, concluding that TCPA cases may be heard in federal court on the basis of federal question jurisdiction. In *Kenro, Inc. v. Fax Daily, Inc.*, 904 F.Supp. 912 (S.D. Ind. 1995), the court found a parallel between the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") and the TCPA. The *Kenro* court stated that both statutes did not address the validity of removal to federal court and that the court therefore would "not assume that the language in the TCPA providing for a private right of action in state court was meant to repeal federal question

jurisdiction which exists under 28 U.S.C. § 1331." *Kenro*, 904 F.Supp. at 915. Defendant argues that the Court should adopt the reasoning set forth in *Kenro, Inc.* and find that this TCPA case is properly before the Court on the basis of federal question jurisdiction.

In contrast, Plaintiff argues that the TCPA vests exclusive jurisdiction over private TCPA claims in state courts. The overwhelming majority of courts which have considered this question have found Plaintiff's argument persuasive, concluding that,

> [w]hile Congress created, in the TCPA, an individual right to be free from unsolicited fax advertising, it provided for private actions to enforce the right exclusively in state courts. Accordingly, jurisdiction of the United States district courts over private TCPA actions may not be premised on the general federal-question jurisdiction conferred by 28 U.S.C. § 1331.

*Int'l Sci. & Tech. Inst., Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1158 (4th Cir. 1997). Other courts have reached the same conclusion. *See Dun-Rite Constr., Inc. v. Amazing Tickets, Inc.*, No. 04-3216, 2004 WL 3239533, at *2 (6th Cir. Dec. 16, 2004) (noting that "state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled"); *Murphy v. Lanier*, 204 F.3d 911, 914 (9th Cir. 2000); *ErieNet, Inc. v. Velocity Net., Inc.*, 156 F.3d 513, 518 (3rd Cir. 1998); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Serv., Ltd.*, 156 F.3d 432, 434 (2nd Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997).

The Court finds that federal question jurisdiction cannot provide the basis for removal in this TCPA case. The relevant provision of the TCPA provides that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" an action under the TCPA. 47 U.S.C. § 227(b)(3). Although the Eighth Circuit has not specifically

addressed this issue, every circuit court having the opportunity to construe this statute has concluded that the TCPA does not confer federal question jurisdiction on federal district courts. Additionally, this Court and other district courts within this Circuit have found that federal courts do not have authority to hear TCPA claims on the basis of federal question jurisdiction. *See, e.g. Gans v. Leiserv, Inc.*, No. 4:02cv00995 ERW, at 3-8 (E.D. Mo. 2003) (undertaking thorough analysis and concluding federal courts do not have authority to hear TCPA claims on basis of federal question jurisdiction); *Barry v. Dell Computer Corp.*, No. Civ. 00-939, 2000 WL 34494809, at *1, *4 (D.Minn. Oct. 18, 2000) (noting that since *Kenro, Inc.* "every federal court of appeals faced with this question has found that the TCPA creates exclusive jurisdiction in state courts").[1] Though the question technically remains an open one in the Eighth Circuit, it appears clear that the Eighth Circuit would conclude that federal courts do not have jurisdiction over TCPA claims on the basis of federal question jurisdiction. Accordingly, the Court does not have federal question jurisdiction over Plaintiff's TCPA claims.

B.    Diversity Jurisdiction

Defendant argues that Plaintiff's claims were properly removed on the basis of diversity jurisdiction. The focus of the dispute between the parties with regard to the issue of diversity jurisdiction is whether the amount in controversy requirement has been met. According to Defendant,

---

[1] Courts which have considered this issue have focused upon the text and legislative history of the TCPA in interpreting the statute. First, it appears clear that Congress intended to grant state courts exclusive jurisdiction over private TCPA actions. This is evidenced by Congress' specific grant of jurisdiction to state courts for private actions under the TCPA, which is in contrast to Congress' grant of concurrent jurisdiction for actions brought by state attorney generals under the same statute. Congress could have chosen to grant concurrent jurisdiction for private TCPA claims, but chose not to do so. *See Int'l Sci. & Tech. Inst., Inc.* 106 F.3d at 1152. Second, the legislative history of the TCPA demonstrates Congress' intent to keep private actions under the TCPA within state court. *See Chair King, Inc.*, 131 F.3d at 513. Finally, the specific jurisdictional grant to state courts in the TCPA trumps the general jurisdictional grant of § 1331. *See Nicholson*, 136 F.3d at 1289.

6

the jurisdictional amount is satisfied when Plaintiff's request for injunctive relief and attorneys' fees are included. Plaintiff contends that Defendant has failed to demonstrate that the amount in controversy with respect to each individual plaintiff in this case exceeds $75,000. Because the Court agrees with Plaintiff that the amount in controversy requirement is not satisfied in this case, the Court concludes that it lacks diversity jurisdiction over Plaintiff's claims.[2]

1.  *Injunctive Relief*

Count II is a request for injunctive relief. Defendant argues that, in valuing this injunctive relief from its perspective, the value of the requested relief exceeds $75,000 because "the cost to [Defendant] of ceasing fax advertising, regardless of whether the potential customer desired or welcomed such information, and to 'redesign and implement new advertisements . . . would exceed $75,000 and would do so whether the injunction ran in favor of one plaintiff or of the entire proposed class.'" Mem. in Opp. at 5 (quoting *Holcombe v. Smithkline*, 272 F.Supp.2d 792, 798 (E.D. Wis.

---

[2] The Court notes that it need not reach the issue of whether it is permissible to remove a TCPA case to federal court on the basis of diversity jurisdiction. The current trend among federal district courts appears to be to recognize diversity jurisdiction over TCPA claims. *Saporito v. Vision Lab Telecomm., Inc.*, No. 05-CV-1007, 2005 WL 1130277, at *5 (E.D.N.Y. May 13, 2005). *See Accounting Outsourcing, L.L.C. v. Verizon Wireless Pers. Communications, L.P.*, 294 F.Supp.2d 834, 836 (M.D. La. 2003) (holding "that federal courts are not precluded from hearing TCPA claims when the parties are diverse"); *Kinder v. Citibank*, No. 99-CV-2500, 2000 WL 1409762, at *4 (S.D. Cal. Sept. 14, 2000) (holding that "[a]lthough the Court agrees with Plaintiff that the TCPA itself provides no basis for federal jurisdiction, nothing in the TCPA precludes federal courts from hearing TCPA claims where some other independent basis for jurisdiction exists"); *Kopff v. World Research Group, L.L.C.*, 298 F.Supp.2d 50, 55 (D.D.C. 2003) (adopting the holding in *Kinder*). *Contra Gottlieb v. Carnival Corp.*, 367 F.Supp.2d 301, 307-09 (E.D.N.Y. 2005) (holding that the TCPA vests exclusive jurisdiction in state courts regardless of federal question jurisdiction or diversity jurisdiction). In the instant case, even assuming *arguendo* that Plaintiff's TCPA claims can be removed to this Court on the basis of diversity jurisdiction, the case must nonetheless be remanded for failure to meet the amount in controversy requirement.

7

2003)).³ According to Defendant "[t]he chilling effect of Plaintiff's requested relief precludes [Defendant] from utilizing its marketing plan with resulting losses in excess of $75,000." Mem. in Opp. at 5. Plaintiff contends that the proper way to value injunctive relief for jurisdictional purposes is from the plaintiff's perspective and that the value may not be aggregated among the potential class members.

Although it is well settled that the amount in controversy is measured by the value of the object of litigation,⁴ courts have historically disagreed as to the perspective from which that value should be established.⁵ In this Circuit, however, when considering a motion to remand, it is clear that Circuit precedent "requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount." *Smith v. Amer. States Preferred Ins. Co.*, 249 F.3d 812, 813-14 (8th Cir. 2001).⁶

---

³The Court notes that Plaintiff's requested injunctive relief is actually narrower than the language Defendant employs here. Plaintiff requests only that Defendant be prohibited from sending unsolicited facsimile advertisements.

⁴The Eighth Circuit has recently affirmed that "the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

⁵ Three approaches have developed in regard to the perspective from which to value injunctive relief: (1) the "plaintiff viewpoint" rule, (2) the "either viewpoint" rule, and (3) the "party asserting jurisdiction" rule. *See Bergstrom v. Burlington N. R.R. Co.*, 895 F.Supp. 257, 259-60 (D.N.D. 1995). *See also* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3703 (3d ed. 1992).

⁶ In support of its defendant's viewpoint theory, Defendant cites *Hatridge v. Aetna Casualty & Surety Company*, 415 F.2d 809 (8th Cir. 1969). It appears that, in that case, the court rested its decision to look at the defendant's viewpoint due to the nature of the plaintiff's claim and its dependency upon the claim of her husband. *Hatridge*, 415 F.3d at 816. It is questionable whether the court was applying the defendant's viewpoint theory at all. *See Mass. State Pharm. Ass'n v. Federal Prescription Service, Inc.*, 431 F.2d 130, 132 n.1 (8th Cir. 1970) (stating that the court did not apply the defendant's viewpoint rule in *Hatridge*). In any event, *Hatridge* concerned individual claims and did not address the unique situation of a class action.

In the instant case, valuing the requested injunctive relief from Plaintiff's perspective, it is clear that the value of the injunction to Plaintiff does not approach any amount near the jurisdictional minimum. For Plaintiff, the value of the injunction is equal to the intangible benefit of being free from unwanted faxes, along with the amount of money Plaintiff would save in ink, paper, and facsimile maintenance by eliminating the receipt of unsolicited facsimile advertisements. This value is well below $75,000.

2. *Attorneys' Fees*

In its Prayer for Relief, Plaintiff requests its attorneys' fees and costs incurred in bringing this action. According to Defendant, Plaintiff's request for attorneys' fees and costs indicates that the amount in controversy requirement is met because the requested attorneys' fees and costs will exceed $75,000. Plaintiff contends that, pursuant to clear Eighth Circuit precedent, the requested attorneys' fees should not be included for purposes of determining whether the jurisdictional amount is satisfied. The Eighth Circuit has concluded that "only statutory attorney fees count toward the jurisdictional minimum calculation." *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). In rejecting a party's argument that his claim exceeded the jurisdictional amount when attorneys' fees were considered, the *Rasmussen* court found that the party had not demonstrated that he was entitled to statutory attorneys' fees if he prevailed in the action. *Id*. In reaching this

---

In *Massachusetts State Pharmaceutical Association*, the Eighth Circuit found that, for class actions, "the 'plaintiff viewpoint' rule is the only valid rule." 431 F.2d 130, 132 n.1 (8th Cir. 1970). The Eighth Circuit concluded that the Supreme Court's decision in *Snyder v. Harris*, 394 U.S. 332 (1969), in which the Supreme Court announced that courts cannot aggregate individual claims to reach the jurisdictional minimum, did not permit the use of any other perspective. *Id*. In the court's view, measuring the value of the object of litigation from the defendant's perspective would essentially allow aggregation of claims contrary to the rule in *Snyder*. *Id.*

It is clear that *Smith v. American States Preferred Insurance Company*, 249 F.3d 812 (8th Cir. 2001), reaffirms the Eighth Circuit's mandate that the plaintiff's perspective be used when valuing injunctive relief in cases such as this one.

conclusion, the *Rasmussen* court relied on its earlier decision in *Crawford v. F. Hoffman-LaRoche, Ltd.*, 267 F.3d 760 (8th Cir. 2001), where the court had determined that statutory attorneys' fees do count toward the jurisdictional minimum. *Crawford*, 267 F.3d at 766.[7] Here, Defendant concedes that Plaintiff is not entitled to statutory attorneys' fees in the event that Plaintiff prevails in this action. The TCPA does not provide for the recovery of attorneys' fees, and Defendant has pointed to no other statute providing for such fees. Defendant does claim that Plaintiff is entitled to attorneys' fees pursuant to "class action statutes," but Defendant does not provide a name or other identifying citation for any such statutes, and the Court has found none.[8] Defendant has failed to demonstrate that Plaintiff is entitled to statutory attorneys' fees in this case and has failed to demonstrate that any such fees can be included for amount in controversy purposes.

---

[7]Typically, if provided for by statute, courts include attorneys' fees in the amount in controversy computation. 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3712 (3d ed. 1992). For example, in *Crawford v. F. Hoffman-La Roche Ltd.*, the Eighth Circuit permitted the inclusion of fees provided for in the Arkansas Deceptive Trade Practices Act. 267 F.3d 760, 766-67 (8th Cir. 2001). *See also Hart v. Schering Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (noting that attorneys' fees provided for in the Illinois' Wage Actions Act might be included in the amount in controversy); *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003) (finding that the potential award of attorneys' fees provided for in the New Mexico Unfair Practices Act should have been considered in the amount in controversy); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) (finding that attorneys' fees provided for by Florida statutes that prohibit deceptive business practices and misleading advertising can be included in the amount in controversy).

[8] Specifically, Defendant argues that "Plaintiff's entitlement to attorneys' fees herein arises solely from the class action statutes, not from its claims under the TCPA." Mem. in Opp. at 8. Defendant does not otherwise identify the "class action statutes" to which it refers, and does not cite to a relevant case in support of its proposition. The two cases referred to in the Wymore Affidavit, upon which Defendant relies, both appear to have been settled by the parties prior to trial. It also appears that the parties in those cases agreed to a certain amount of attorneys' fees as part of their settlement agreements. *See* Def.'s Ex. B; Fed. R. Civ. P. 23(h) (attorneys' fees may be authorized by agreement of the parties or by law).

C.      Plaintiff's Request for Defendant to Pay Attorneys' Fees

Plaintiff requests that the Court order Defendant to pay its costs, including attorneys' fees, for bringing this Motion to Remand, pursuant to 28 U.S.C. 1447(c), because Defendant removed this action without having a reasonable basis in fact or law for doing so. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney[s'] fees, incurred as a result of the removal." The key factor in making this determination "is the propriety of the defendant's removal." *Lytle v. Lytle*, 982 F.Supp. 671, 674 (E.D. Mo. 1997). The statute does not require a finding of bad faith. *Id.* The decision as to whether the imposition of fees is warranted is discretionary. *Workforce Dev., Inc. v. Corp. Benefit Servs. of Am.*, 316 F.Supp.2d 854, 859 (D. Minn. 2004).

The Court has determined that Plaintiff is entitled to one-half of the costs incurred in bringing this Motion to Remand. Though an overwhelming majority of courts have determined that federal courts do not have federal question jurisdiction over TCPA claims, Defendant is correct in pointing out that the issue has not yet been decided by the Eighth Circuit. Thus, though the Court believes it is clear that the Eighth Circuit would concur with the well-reasoned decisions of these other courts, the Court cannot conclude that Defendant's removal of this action on the basis of federal question jurisdiction was entirely unreasonable. However, there appears to be no reasonable basis upon which Defendant could have removed this action on the basis of diversity jurisdiction. Regardless of whether TCPA claims are removable on the basis of diversity jurisdiction, the amount in controversy requirement is clearly not met in this case, as even a cursory review of the Petition and applicable law indicates. The law in this Circuit is well-settled and clear that injunctive relief in cases such as this one is to be valued from the plaintiff's perspective and that only statutory attorneys' fees may be

11

included for purposes of ascertaining the amount in controversy. Moreover, the law is clear that the party invoking federal jurisdiction has the burden of demonstrating that these requirements have been met. Defendant nonetheless spent significant time arguing that the amount in controversy requirement is met in this case because injunctive relief should be valued from the defendant's perspective and because non-statutory attorneys' fees are includable for purposes of reaching the jurisdictional minimum. Consequently, opposing counsel and this Court expended significant resources responding to what appear to be unreasonable arguments with respect to this Court's diversity jurisdiction. Therefore, the Court finds that Plaintiff is entitled to one-half of the costs, including attorneys' fees, incurred in bringing the Motion to Remand.

Because the Court finds that Defendant has failed to establish that this Court has jurisdiction over this case, the Court must remand the action to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [doc. #9] is **GRANTED**. This action is remanded to the Circuit Court of St. Louis County.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees [doc. #9] is **GRANTED, in part, and DENIED, in part**. Within **TEN (10)** days of the date of this Order, Plaintiff shall provide Defendant with an itemized list of its costs, including attorneys' fees, incurred as a result of bringing this Motion to Remand. Within **TWENTY (20)** days of the date of receipt of said list, Defendant shall either remit to Plaintiff's counsel one-half of Plaintiff's costs, as described herein, or present specific objections to Plaintiff's counsel regarding the costs. In the event that specific objections are presented, counsel shall confer in good faith to resolve the objections. In the

event no resolution can be reached, the Court expects that counsel will file an appropriate motion.

Dated this 12th day of September, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE